UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHAEL & TINA CARPENTER,

                    Plaintiffs,


          vs.


CHURCHVILLE GREENE HOMEOWNER'S
ASSOCIATION, INC. BETH BIECK, TOM BION-
DOLILLO, HOPE JOHNSON, GARY HUTCH-
URSON, BARB KOEPKE, PAMELA HILL,
CHARLES HAWKINS, PAT CIPOLLA, RICK
WALDO & REALTY PERFORMANCE GROUP,
INC.
                    Defendants.

---

CIVIL ACTION NO.


COMPLAINT FOR
MONETARY DAMAGES,
DECLARATORY AND
INJUNCTIVE RELEIF

## I.PRELIMINARY STATEMENT

1.  This is an action for monetary damages, injunctive relief, and declaratory relief

    brought by Plaintiffs, Michael and Tina Carpenter.  The Carpenters allege that

    they have been discriminated against in the provision of their housing based on

    their disability, in violation of the Fair Housing Act, Title VIII of the Civil Rights

    Act of 1968, as amended, 42 U.S.C. § 3601 *et seq*.  Specifically, Mr. and Mrs.

    Carpenter allege that they have been discriminated in the terms and conditions of

    their housing, and have been denied a reasonable accommodation because the

    Defendants have refused to waive their rule which forbids homeowners and their

    guests from parking on the street in front of their homes.

## II.JURISDICTION AND VENUE

2.  Jurisdiction is conferred on this Court by 42 U.S.C. § 3613 and 28 U.S.C. § 1331.

3.  Venue is proper in the Western District of New York pursuant to 28 U.S.C. §

1

1391(b) and (c), as Defendant resides in this judicial district and the events or omissions giving rise to the claim arose in this judicial district.

## III. PARTIES

4.  Michael and Tina Carpenter are a married couple.  Both Mr. and Mrs. Carpenter are persons with disabilities which significantly affect their mobility.  The plaintiffs have lived in Monroe County, New York at all times relevant to this action.

5.  Defendant Churchville Greene Homeowners Association, Inc. is a not for profit corporation located in Monroe County New York.  Beth Bieck, Tom Biondolillo, Hope Johnson, Gary Hutchurson, Barb Koepke, Pamela Hill, Charles Hawkins Rick Waldo and Pat Cipolla are the individual board members of the Homeowners Association, all of whom reside in Monroe County New York.

6.  Realty Performance Group, Inc. is a business corporation located in Monroe County, New York.  Realty Performance Group, Inc. provides property management services to the Churchville Greene Homeowners Association.

## IV. THE FAIR HOUSING ACT

7.  The federal Fair Housing Act of 1968, as amended, prohibits discrimination in the provision of housing based on, among other things, disability.  42 U.S.C. § 3604(f).

8.  Specifically, a landlord or housing provider cannot refuse to make "reasonable accommodations in rules, policies, practices, or services when such accommodations may be necessary to afford such a [disabled] person equal opportunity to use and enjoy a dwelling."  42 U.S.C. § 3604(f)(3)(B).

9. The Fair Housing Act further provides that it is illegal "to discriminate in the terms and conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of the handicap of –

(A) that person; or
(B) a person residing in or intending to reside in that dwelling…, or
(C) any person associated with that person.

42 U.S.C. Section 3604(f)(2).

## FACTS

10. Michael and Tina Carpenter are a married couple.  Both Mr. and Mrs. Carpenter have disabilities which significantly affect their mobility.  They are the parents of three grown children.

11. Mr. Carpenter has had cerebral palsy since birth, which impairs his ability to use the limbs on the left side of his body.  Mr. Carpenter also has advanced heart disease and he is an insulin dependent diabetic.  He underwent a quadruple by-pass surgery in 2001, had three stents surgically placed in his cardiac arteries last year, and had a defibrillator surgically placed in his heart this year.

12. Because of his cerebral palsy, which causes him to drag his left leg when he walks, and because of his advanced heart disease, Mr. Carpenter is unable to walk long distances.  He uses a motorized wheelchair when he needs to ambulate for any length of time.

13. Mrs. Carpenter was diagnosed with multiple sclerosis in 1998.  Her MS causes her to experience numbness in all of her limbs on a daily basis and significantly restricts her mobility.  When her MS flares up Mrs. Carpenter must be

hospitalized.  Her last hospitalization occurred last year, and her flare ups occur once to twice a year.  Because of the constant numbness in her legs and feet, Mrs. Carpenter cannot walk long distances.  Mrs. Carpenter uses a motorized wheel chair when she needs to ambulate for any length of time.

14. Mr. Carpenter worked for twenty years for the Coca-Cola Company, before being forced to retire due to his disabilities in 1994.  Mrs. Carpenter was a home-maker, and she worked for three years at the Valeo Company until she was forced to retire in 1998 due to her MS.

15. The Carpenters purchased their home in November of 2000 in the Churchville Greene housing development.

16. The Churchville Greene development consists of multiple housing units. Homeowners automatically belong to the Churchville Greene Homeowners Association (the Association).  The Association is governed by a board of Managers (the Board).

17. The main road that runs through the development is a village road.  The other roads in the development are private roads, including the road on which Mr. and Mrs. Carpenter's home is located.

18. The village road which runs through the development is approximately twenty feet wide.  The private road on which Mr. and Mrs. Carpenter live is approximately nineteen feet wide.  By village law, vehicles are permitted to park on one side of the village road.  The by-laws of the Association forbid any on street parking on the private roads in the development.

19. Visitors to homeowners living on the plaintiff's road are required to park at a remote parking lot and walk to their host's home.

20. In June of 2007 Mr. and Mrs. Carpenter's daughter graduated from high school. To celebrate this event the Carpenter's hosted a party with approximately twenty-five guests.

21. The guests included at least six people with significant mobility impairments. One disabled guest was Mrs. Carpenter's elderly father.  Another disabled guest was Mr. Carpenter's brother who is disabled from a motorcycle accident.  The other disabled guests were four of Mrs. Carpenter's friends from the MS support group to which she belongs.

22. All of the disabled guests possess handicapped parking signs issued by the State of New York.  Because of their mobility impairments it was not possible for the disabled guests to park at the remote parking lot and walk to the plaintiffs' home as the distance is too far.

23. For this reason the disabled guest parked on the road in front of the Carpenter's home in a manner that did not obstruct traffic.

24. During this family celebration the Carpenters observed a daughter of a board member walk down the street to their house with a clip board and write down the license plate numbers of the cars parked on the street.

25. Within several days the Carpenters received a warning letter from the Board telling them that they had violated the rule against on street parking and that any further violation was subject them to a $75.00 fine.

26. Prior to this the Carpenters had received two or three other warning letters under similar circumstances.

27. Because of these incidents the Carpenters feel unable to host social events at their home which would include their disabled friends and family members.

28. On July 7, 2009 the Carpenters, through their attorney, wrote a letter to the Board asking pursuant to the Fair Housing Act that the Carpenters' disabled guests be allowed to park on the street during social gatherings at their home.

29. In subsequent exchanges between the parties the Carpenters agreed that two cars could be parked in their drive way, but that there would likely be times when more than two disabled guests would need suitable parking.

30. By e-mail dated October 15, 2009 the defendants' attorney notified the plaintiffs' counsel that the Board had reviewed the Carpenters' request and that the only accommodation that could be made was that two parking spots in the remote parking lot would be designated as handicapped parking spots.

31. Because the remote parking lot is too far from the Carpenter's home to be used by their mobility impaired guests the Carpenter's determined that this proposal was a solution to their problem.

32. The defendants cited safety concerns as the reason they could not allow on road parking; specifically a concern about fire trucks being able to access the neighborhood in event of an emergency.

33. Despite these concerns the homeowner's association hosts a yearly weekend neighborhood yard sale during which many vehicles are parked on the roads in the development.

34. The Carpenters have also observed that there is uneven enforcement of the no on road parking rule depending on which private road in the development is involved.

35. Specifically they have observed the same cars parked repeatedly on private roads throughout the development other than the road on which they live.

36. As a result of Defendants' illegal discrimination the Carpenters have suffered severe humiliation and emotional distress.

## CAUSE OF ACTION

37. By refusing to grant the Carpenters' request to allow their disabled guests to utilize on street parking the Defendants have willfully and maliciously discriminated against them on the basis of disability in the terms and conditions of their housing and by refusing their request for a reasonable accommodation to the Defendants' parking rules in violation of the Fair Housing Act, 42 U.S.C. Sections 3604(f)(2) & 3604(f)(3)(B).


**WHEREFORE**, Plaintiffs respectfully request that this Court:

(a) Assume jurisdiction over this action, and

(b) Declare Defendants' actions complained of herein to be in violation of the Fair Housing Act, and

(c) Order Defendants to take appropriate affirmative action to ensure that the activities complained of are not engaged in again by Defendants or any of their agents, and

(d) Permanently enjoin Defendants, their agents, employees and successors from

discriminating on the basis of disability in violation of the FHA, and

(e) Award Plaintiff appropriate punitive and compensator damages against

Defendants, and

(f) Award Plaintiffs his costs pursuant to 42 U.S.C. § 3613(c)(2), and

(g) Provide such other and further relief as this Court deems just and proper.


## VII. DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial

by jury on all issues.

Dated: November 2, 2009

Respectfully submitted,

**MONROE COUNTY LEGAL
ASSISTANCE CENTER**
Laurie M. Lambrix, of Counsel
Attorneys for Plaintiffs
1 West Main Street, Ste 400
Rochester, NY 14614
Telephone: (585) 325-2520
llambrix@lawny.org