UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL AND TINA CARPENTER,

                    Plaintiffs,            09-CV-6552

          v.                              **DECISION
                                          and ORDER**

CHURCHVILLE GREENE HOMEOWNER'S
ASSOCIATION, INC., BETH BIECK, TOM
BIONDOLILLO, HOPE JOHNSON, GARY HUTCHERSON,
BARB KOEPKE, PAMELA HILL, CHARLES HAWKINS,
PAT CIPOLLA, RICK WALDO, AND REALTY
PERFORMANCE GROUP, INC.

                    Defendants.
_____

## INTRODUCTION

Plaintiffs, Michael and Tina Carpenter ("Plaintiffs" or "the Carpenters"), bring this action pursuant to the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, 42 U.S.C. § 3601 *et seq.*, alleging that the Defendants, the Churchville Greene Homeowner's Association, Inc., ("HOA"), Beth Bieck, Tom Biondolillo, Hope Johnson, Gary Hutcherson, Barb Koepke, Pamela Hill, Charles Hawkins, Pat Cipolla, Rick Waldo (collectively, the "Individual Defendants"), and Realty Performance Group, Inc. ("Realty"), (collectively, "Defendants"), discriminated against them in the terms and conditions of their housing on the basis of Plaintiffs' disabilities. Specifically, Plaintiffs' Amended Complaint alleges that Defendants denied them a reasonable accommodation with respect to disabled guest parking and initially

denied them permission to construct a reasonable modification (a concrete pad) to their property to provide them with better wheelchair access to their home. Plaintiffs further allege that the initial denial of the concrete pad was in retaliation for Plaintiffs' having filed the instant action with respect to their disabled guest parking claim.[1]

Shortly after answering Plaintiffs' Amended Complaint, Defendants filed this motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Rule 56"). Defendants contend that Plaintiffs' reasonable modification claim is moot and that the Plaintiffs have not asserted a triable claim against the Individual Defendants and Realty.[2] Plaintiffs oppose Defendants' motion and argue that they have asserted triable claims against all Defendants and that there are genuine issues of material fact with respect to their claim for a reasonable modification.[3] Further, Plaintiffs argue that Defendants motion should be denied because they have timely requested additional discovery pursuant to Rule

---

[1]Plaintiffs initially filed this lawsuit on November 2, 2009, based only the parking claim, but subsequently amended their complaint to include the reasonable modification and retaliation claims, which arose on or around November 11, 2009.

[2]Defendants have not moved for summary judgment with respect to Plaintiffs' retaliation claim.

[3]Plaintiffs also argue that they have asserted a triable claim for retaliation. However, as Defendants have not move for summary judgement on that claim, this Court will not address this issue except to note that a claim for retaliation can exist even where the underlying reasonable accommodation claim has been dismissed. See Marks v. BLDG Management Co., Inc., 2002 WL 764473, *10 (S.D.N.Y., 2002) (citing cases).

56(d) of the Federal Rules of Civil Procedure (formerly Rule 56(f))("Rule 56(d)"). For the reasons set forth below, this Court dismisses Plaintiffs' reasonable modification claim as moot and grants the Plaintiffs additional time to conduct discovery with respect to the remaining claims against the Individual Defendants and Realty. Accordingly, Defendants' motion for summary judgment is granted with respect to Plaintiffs' reasonable modification claim and denied without prejudice to refile with respect to Plaintiffs' claims against the Individual Defendants and Realty.

## BACKGROUND

The Carpenters are a married couple, both with severe disabilities that require them to use motorized wheelchairs. They reside in the Churchville Green housing development (the "housing development") in Churchville, New York. The Carpenters purchased their home in the housing development in 2000. As residents in the housing development, the Carpenters are members of the HOA, which is governed by a board of directors, which, during the relevant time period, was comprised of the Individual Defendants.

Plaintiffs claim that the HOA forbids parking on the private roads in the housing development and that the homeowners' guests are required to park in a "remote parking lot." On multiple occasions, Plaintiffs claim that they have had guests who are incapable of walking the distance from the parking lot to their home because of mobility disabilities. For this reason, Plaintiffs

have, on several occasions, instructed their guests to park on the private road in front of their home. However, Plaintiffs claim that they received warning letters from the HOA regarding their failure to follow the "no parking" rule and that they are unable to have mobility-disabled guests at their home as a result.

In July 2009, Plaintiffs, through their attorney, requested a variance from the HOA from the no-parking rule. Plaintiffs claim that the HOA decided that, due to fire safety concerns, the only accommodation they could provide was to designate two handicapped parking spots in the parking lot. Plaintiffs allege that this is not a "reasonable accommodation," as the parking lot is too far for disabled guests. Plaintiffs also claim that the HOA has enforced the parking regulation unevenly and that the HOA holds a yearly community function where many vehicles are allowed to park on the street. Based on Plaintiffs' claim that they were denied a reasonable accommodation in parking, they filed the instant law suit on November 2, 2009.

Within a few weeks of filing this law suit, a dispute arose between the parties regarding a modification to the Plaintiffs home. While making other improvements to their home, which were approved by the HOA, Plaintiffs' contractor offered to replace broken paving stones in their yard to make it easier to access their home by wheelchair.

On November 9, 2009, Plaintiffs requested a variance from the HOA to replace the paving stones with a concrete pad. The HOA board met on November 11, 2009 and voted to initially deny the request, pending their request for more information about the proposed modification. Over the course of several weeks the parties' attorneys continued to discuss the matter in an attempt to resolve the dispute without intervention from the Court.

On November 20, 2009, Plaintiffs' attorney sent this Court a letter detailing the issue and asking this Court to intervene to assist the parties in resolving their dispute quickly, as the fast-approaching winter weather might impede the installation of the concrete pad. Plaintiffs claimed that the HOA was improperly delaying the installation of the concrete pad. The HOA maintained that it had not ultimately denied the request and was merely seeking further information and additional help from a local architect who had assisted the HOA with other projects. After discussing the matter with the parties, this Court Ordered the contractor to complete the installation. This Court specifically stated, "Given all the circumstance, and the presumed willingness of the [HOA] to accommodate a reasonable request to satisfy the needs of one of the homeowners...I directed the contractor to proceed and complete the job."

On November 24, 2009, this Court issued a letter Order to the parties outlining the above facts and commending the parties for

their cooperation in resolving this collateral issue. This Court further stated that the parking claim remained pending, but that this "collateral issue" had been fully resolved.

## DISCUSSION

### A. Reasonable Modification Claim

Defendants argue that Plaintiffs' claim based on Defendants' alleged denial of the installation of the concrete pad is moot because the concrete pad was installed shortly after the request and because this Court has already recognized that this issue was resolved with the cooperation of all parties. See Def. Mem. of Law, Docket #29-2 at 8. This Court agrees.

It is well settled that the "[t]he voluntary cessation of allegedly illegal conduct usually will render a case moot 'if defendant can demonstrate that (1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.'" See Lamar Advertising of Penn, LLC v. Town of Orchard Park, N.Y., 356 F.3d 365, 375 (2d Cir. 2004) (quoting Granite State Outdoor Adver., Inc. v. Town of Orange, Conn., 303 F.3d 450, 451 (2d Cir. 2002)). Further, Courts in this Circuit have held that, if the plaintiff "has been granted the essential relief demanded in her complaint," her claim may be deemed moot by virtue of that fact. See Heumann v. Board of Educ. of the City of N.Y., 320 F.Supp. 623 (S.D.N.Y. 1970)(finding that

plaintiff's claim for damages did not affect the mootness of her claim where she was granted the essential relief she sought, a teaching license).

This Court finds that Defendants have met their burden with respect to this issue, as there is no reasonable expectation that this violation will recur and the installation of the concrete pad completely and irrevocably eradicated the effects of the violation, as this Court previously recognized in its letter Order. Plaintiffs were granted the interim relief they sought when their contractor was directed by this Court, with the cooperation of <u>both</u> parties, to install the concrete pad, within three weeks of their initial request. The fact that Plaintiffs now seek damages does not convert this claim into "case or controversy", as is required for this Court to exercise jurisdiction. <u>See</u> <u>Blackwelder v. Safnauer</u>, 866 F2d 548 (2d Cir. 1989) (citing <u>Preiser v. Newkirk</u>, 422 U.S. 395, 401 (1975)). Therefore, this Court finds that Plaintiffs' claim based on the alleged denial of a reasonable modification to Plaintiffs' property is moot. Accordingly, Plaintiff's reasonable modification claim is hereby dismissed.

## B. Federal Rule of Civil Procedure 56(d)

Pursuant to Rule 56(d)(formerly rule 56(f):

When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to

obtain affidavits or declarations or to take discovery;
or(3) issue any other appropriate order.

The grant of relief pursuant to Rule 56(d) is within the discretion

of the district court. See U.S. v. Private Sanitation Industry

Association of Nassau/Suffolk, Inc., 995 F.2d 375 (2d Cir. 1993).

In this Circuit, the requirements for obtaining relief under

Rule 56(d) are as follows:

> [A] party resisting summary judgment on the ground that
> it needs discovery in order to defeat the motion must
> submit an affidavit showing (1) what facts are sought [to
> resist the motion] and how they are to be obtained, (2)
> how those facts are reasonably expected to create a
> genuine issue of material fact, (3) what effort affiant
> has made to obtain them, and (4) why the affiant was
> unsuccessful in those efforts.

See Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 303 (2d

Cir.2003) (citations omitted); Ayers v. Stewart, 101 F.3d 687 (2d

Cir. 1996); see also Estevez-Yalcin v. Children's Village, 331

F.Supp.2d 170 (S.D.N.Y. 2004); Sigel v. U.S., 2003 WL 21696218

(E.D.N.Y. 2003). A district court's decision to deny a request for

additional discovery under Rule 56(d) is reviewed on appeal using

the "abuse of discretion" standard. See Gualandi v. Adams, 385 F.3d

236, 244 (2d Cir.2004). The Second Circuit has held that:

> Fed.R.Civ.P. 56([d]) provides, as interpreted by court
> opinions, that when a party facing an adversary's motion
> for summary judgment reasonably advises the court that it
> needs discovery to be able to present facts needed to
> defend the motion, the court should defer decision of the
> motion until the party has had the opportunity to take
> discovery and rebut the motion. Accordingly, we have held
> that summary judgment should only be granted if *after
> discovery*, the nonmoving party has failed to make a

> sufficient showing on an essential element of its case
> with respect to which it has the burden of proof.

See Miller, 321 F.3d at 303 (emphasis in original; citations and internal quotations omitted).

Plaintiff seeks discovery regarding the decision making processes of the HOA and Realty with respect to Plaintiffs variance requests for parking[4] and the concrete pad, to show that there is a material issue of fact as to whether the decisions were made with a discriminatory or retaliatory motive. Plaintiffs argue that this discovery, in the form of the depositions of the Individual Defendants and the staff at Realty, would allow them to show that the Individual Defendants and Realty should be held personally liable. They allege that they were unable to obtain this information prior to Defendants filing this motion because Defendant's filed the instant motion less than one month after they filed their Amended Answer to the Complaint.

---

[4]This Court notes that, with respect to their reasonable accommodation in parking claim, Plaintiffs' must show that disabled guest parking close to their home is "necessary" for the equal use and enjoyment of their home in light of their *own disabilities*, and that a *reasonable* accommodation was denied. See Forest City Daly Housing, Inc. v. Town of North Hempstead, 175 F.3d 144 (2d Cir. 1999); see also Wisconsin Cmty. Servs., Inc. v. City of Milwaukee, 465 F.3d 737, 749 (7th Cir.2006), Lapid-Laurel, L.L.C. v. Zoning Bd. of Adjustment of Twp. of Scotch Plains, 284 F.3d 442, 460 (3d Cir.2002), Giebeler v. M & B Assocs., 343 F.3d 1143, 1155 (9th Cir.2003); Smith & Lee Assocs., Inc. v. City of Taylor, 102 F.3d 781, 795 (6th Cir.1996). Further, to the extent Plaintiffs' parking claim rests on their allegation that the parking regulation was unevenly enforced, Plaintiffs "'must present evidence that animus against the protected group was a significant factor in the position taken by the...decision-makers themselves or by those to whom the decision-makers were knowingly responsive.'" See Smith v. NYCHA, 2011 WL 564294, *1 (2d Cir. 2011) (quoting Reg'l Econ. Cmty. Action Program, Inc. v. City of Middletown, 294 F.3d 35, 48 (2d Cir.2002)).

The Individual Defendants move for summary judgement on the grounds that, as members of the board of directors of the HOA, they could not be held individually liable for acts performed in that capacity. Realty argues that it cannot be subject to liability as it was merely acting in its capacity as an agent of the HOA. However, individuals (including the individual members of the board of directors of a homeowner's association) and agents can be held liable for their own discriminatory acts under the Fair Housing Act. See <u>Anujar v. Hewitt</u>, 2008 WL 1792065, *10 (S.D.N.Y. 2002); <u>Reyes v. Fairfield Properties</u>, 661 F.Supp.2s 249, 279 (E.D.N.Y. 2009); <u>see</u> <u>also</u> <u>Sassower v. Field</u>, 752 F.Supp 1182 (S.D.N.Y. 1990).

Defendants argue that Plaintiff's have not pointed to any individual acts by any of the Individual Plaintiffs other than the votes they cast as board members. They further argue that, as an agent of the HOA, Realty was merely assisting the HOA with its business and Plaintiffs have not pointed to any facts to suggest Realty was individually discriminating against the Plaintiffs. However, this is precisely the information that Plaintiffs seek to discover, information that would tend to show that the independent acts of the Individual Defendants and Realty (including any vote cast or any suggestion by Realty to vote in a particular way for discriminatory or retaliatory reasons) give rise to an inference of discrimination in violation of the Fair Housing Act.

Therefore, this Court grants Plaintiffs' request to continue discovery based on their claims for a reasonable accommodation in parking and retaliation, including to conduct depositions of the Individual Defendants and the staff at Realty. Accordingly, Defendants motion for summary judgment is denied, without prejudice to refile. The parties are currently engaged in discovery and Magistrate Judge Marion W. Payson, to whom this case was referred pursuant to 28 U.S.C. § 636, has issued several Scheduling Orders. The parties are directed to continue discovery and submit any future dispositive motion in accordance with Judge Payson's Orders. See e.g. Docket #59.


**ALL OF THE ABOVE IS SO ORDERED.**

                                   s/Michael A. Telesca
                                 MICHAEL A. TELESCA
                              United States District Judge

Dated:     Rochester, New York
           February 22, 2011