UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL AND TINA CARPENTER,

                                    Plaintiffs,            09-CV-6552

                    v.                          **DECISION
                                                and ORDER**

CHURCHVILLE GREENE HOMEOWNER'S
ASSOCIATION, INC., BETH BIECK, TOM
BIONDOLILLO, HOPE JOHNSON, GARY HUTCHERSON,
BARB KOEPKE, PAMELA HILL, CHARLES HAWKINS,
PAT CIPOLLA, RICK WALDO, AND REALTY
PERFORMANCE GROUP, INC.

                                    Defendants.
_____

## <u>INTRODUCTION</u>

Plaintiffs, Michael and Tina Carpenter ("Plaintiffs"), bring this action pursuant to the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, 42 U.S.C. § 3601 *et seq.*, alleging that the Defendants, the Churchville Greene Homeowner's Association, Inc., ("HOA"), Beth Bieck, Tom Biondolillo, Hope Johnson, Gary Hutcherson, Barb Koepke, Pamela Hill, Charles Hawkins, Pat Cipolla, and Rick Waldo (collectively, the "Individual Defendants" or the "board"), and Realty Performance Group, Inc. ("Realty"), (collectively, "Defendants"), discriminated against them in the terms and conditions of their housing on the basis of Plaintiffs' disabilities.[1] Specifically, Plaintiffs' Amended Complaint alleges

---

[1]The facts of this case are set forth in this Court's previous Decision and Order denying Defendants' first Motion for Summary Judgment. (Docket No. 73.)  Accordingly, the Court will

that Defendants treated them differently than non-disabled persons
by unevenly enforcing parking regulations; denied them a reasonable
accommodation with respect to disabled guest parking; and initially
denied them permission to construct a reasonable modification (a
concrete pad) to their property to provide them with better
wheelchair access to their home. Plaintiffs further allege that the
denial and delay of approval for the concrete pad were in
retaliation for Plaintiffs having filed the instant action.[2]

In a Decision and Order dated February 22, 2011, this Court
granted Defendants' Motions for Summary Judgment with respect to
the reasonable modification claim (the concrete pad), as that issue
had been resolved by the parties with the assistance of the Court.
The Court denied the Defendants' motions with respect to the
disabled parking claims and noted that Defendants had not moved for
summary judgment on the retaliation claim.

Now before the Court are Defendants' Motions for Summary
Judgment on the remaining claims in the Complaint.   Defendants
contend that Plaintiffs have not established that there is a

---

assume familiarity with the facts and procedural background of this case and will only repeat
facts here to the extent they are necessary to explain this Decision and Order.

[2]Plaintiffs' initial Complaint, filed on November 2, 2009, contained allegations relating
only to the parking claims.  Within a few weeks of commencing this lawsuit, the concrete pad
issue arose and Plaintiffs sought assistance from the Court in resolving this new issue
expediently.  The Court intervened and, with the cooperation of all parties, this collateral issue
was resolved.  Plaintiffs later amended their Complaint to include allegations relating to the
concrete pad issue, including a claim for retaliation.

triable issue of fact with respect to any of the remaining claims. Defendant Realty further contends that discovery did not reveal any actions on its part in furtherance of the alleged violations of law, and therefore the claims against Realty should be dismissed. Lastly, the Individual Defendants move for summary judgement on the grounds that, as members of the board of directors of the HOA, they can not be held personally liable for acts performed in that capacity - and discovery has not revealed facts that suggest they committed any discriminatory actions for which they can be held personally liable.  Plaintiffs oppose the instant motions.

For the reasons set forth herein, Defendants' motions are granted in part and denied in part.  The Court specifically finds that there are material issues of fact remaining with respect to Plaintiffs' claim for retaliation against Realty, the HOA and the Individual Defendants who were involved with the decisions relating to the installation of the concrete pad. Plaintiffs' parking claims against all defendants and all claims against the following Individual Defendants: Gary Hutchurson, Pamela Hill and Charlie Hawken are dismissed with prejudice.  Accordingly, what remains is Plaintiffs' claim for retaliation against the HOA, Realty and the remaining Individual Defendants.

## **DISCUSSION**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." See Fed. R. Civ. P. 56(c). When considering a motion for summary judgment, all genuinely disputed facts must be resolved in favor of the party against whom summary judgment is sought.[3] See Scott v. Harris, 550 U.S. 372, 381 (2007). If, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate. See Id. at 381 (citing Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-587). "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. When opposing parties tell two different stories,

---

[3]The Court notes that Plaintiffs' Statement of Disputed Material Facts fails to comply with Local Rule 56(a)(2), which states: "The papers opposing a motion for summary judgment shall include a response to each numbered paragraph in the moving party's statement, in correspondingly numbered paragraphs and, if necessary, additional paragraphs containing a short and concise statement of additional material facts as to which it is contended there exists a genuine issue to be tried. Each numbered paragraph in the moving party's statement of material facts will be deemed admitted for the purposes of this motion unless it is specifically controverted by a correspondingly numbered paragraph in the opposing statement."  However, the Court has conducted an independent review of the record to determine whether there are any genuine issues of material fact.

one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Id. (internal citations and quotations omitted).

A.   Parking Claims

Plaintiffs allege that the Defendants denied them a reasonable accommodation with respect to disabled guest parking and that the Defendants unevenly enforce parking regulations in favor of non-disabled persons in violation of the Fair Housing Act. (Docket No. 26.)   After being fined for their guests breaking a parking regulation that prohibits parking on the road directly in front of their home, the Plaintiffs requested a variance for their disabled guests.   The board denied the variance request and instead sought to accommodate the Plaintiffs' concerns by designating two handicap parking spots in the parking lot located by the barn in the development which is remotely located from the Plaintiffs' home. The board initially cited safety concerns, but discovery has revealed that the road on which the Plaintiffs seek to park is a "Fire Apparatus Road" pursuant to the New York State Fire Code, and parking is prohibited by law on such roads at all times to enable uninhibited emergency vehicle access. See Def. Statement of Facts at ¶13 (Docket No. 85).

With respect to the accommodation offered (designated handicap parking spots in the parking lot), the Plaintiffs contend that this

accommodation is not *reasonable* because the parking lot is too far from their home for their disabled guests to be able to walk to and from the parking lot.  However, discovery revealed that of the "disabled" guests Plaintiffs seek to accommodate, only one was actually unable to walk from the designated lot to their home, and this guest was still able to visit the Plaintiffs home by either parking in their driveway (the Plaintiff's garage and driveway will accommodate at least 3 cars) or by having his wife (who is not disabled) drop him off at their home and park in the parking lot. See Def. Statement of Facts at ¶¶7-11, 15.

Plaintiffs do not contest these facts, but they contend that the Defendants violated the Fair Housing Act based on the fact that they make certain exceptions to the parking rules for construction vehicles and for a visitors to a yearly garage sale.  They further contend that the Defendants could have paved a "grassy-area" that was directly across from the Plaintiffs' property to accommodate their disabled guests' needs.

The Court finds that Plaintiffs have not met their burden of establishing that the accommodations requested are *reasonable* or *necessary* to afford the *Plaintiffs* an equal opportunity to use and enjoy their dwelling. See Shapiro v. Cadman Towers, Inc., 51 F.3d 328 (2d Cir. 1995).  First, allowing the Plaintiffs the right to park on a road on which parking is prohibited by state law is not a reasonable accommodation under the circumstances.  While the Fair

Housing Act may require housing providers or governmental agencies to alter certain rules and regulations to provide disabled individuals the opportunity to equally enjoy their homes (for example, relaxing zoning laws to allow disabled individuals to live in group homes); it cannot be read to require housing providers to place other homeowners (disable or non-disabled) in jeopardy based on a purported need to allow guests to park on the street. Because parking is prohibited on the road to allow uninhibited access by emergency vehicles under state law, the Court finds that it would not be a *reasonable* accommodation to permit the Plaintiffs or their guests to park on the roadway.

Further, the Plaintiffs have not established that such an accommodation is *necessary* to the use and enjoyment of their property. The evidence indicates that none of the guests the Plaintiffs seek to accommodate actually requires a parking space that is closer than the parking lot with designated disabled parking spaces - and the Plaintiffs admit that they have a driveway and a garage that can accommodate at least three vehicles. The fact that the Plaintiffs may use their garage or driveway for other purposes does not create the requisite "necessity" required to establish a claim under the Fair Housing Act. The Court also notes that Plaintiffs contention that it is *necessary* based on their need to occasionally clear leaves from the driveway is also unpersuasive as Plaintiffs have simply not shown that "but for" the

ability to park in the street, Plaintiffs could not clear the leaves from the driveway - as they also have a garage in which they may park while clearing the leaves from the driveway (and a driveway to park while clearing leaves from the garage). See Tsombanidis v. West Haven Fire Dept., 352 F.3d 565, 578 (2d Cir. 2003).

The Court also does not find that Plaintiffs' contention that the Defendants could have paved a grassy-area across the road from their home to accommodate their needs creates a material issue of fact because it is not alleged in the Complaint that such a request was made of the Defendants prior to bringing this lawsuit. See id. ("To prevail on a reasonable accommodation claim, plaintiffs must first provide the governmental entity an opportunity to accommodate them through the entity's established procedures used to adjust the neutral policy in question.").

Accordingly, the Court finds that Plaintiffs have not pointed to a material issue of fact from which a reasonable jury could conclude that "but for" the ability to park in the street, the Plaintiffs will be denied a *reasonable* accommodation that is *necessary* to afford them an equal opportunity to use and enjoy their home.

With respect to their contention that the parking regulations are unequally enforced based on an annual garage sale in the neighborhood at which cars are parked on the road and the fact that

construction vehicles are occasionally parked on the road; the Court finds that Plaintiffs have not established a prima facie case of discrimination.  As the Court previously noted in its Decision and Order denying Defendants' first Motion for Summary Judgement, "[t]o establish a prima facie case of discrimination under the FHA...the plaintiff must present evidence that animus against the protected group was a significant factor in the position taken by the municipal decision-makers themselves or by those to whom the decision-makers were knowingly responsive." Smith v. NYCHA, 2011 WL 564294, *1 (2d Cir. 2011)(Summary Order) (quoting Reg'l Econ. Cmty. Action Program, Inc. v. City of Middletown, 294 F.3d 35, 48 (2d Cir.2002)).

With respect to the parking claims, the Court does not find that Plaintiffs have presented such evidence.  Rather, the evidence indicates that the neighborhood garage sale is not sponsored by the Defendants and that they have attempted to enforce the parking rules during this garage sale by  putting up "no parking signs" and by putting notices on vehicles asking them to move. See Exhibit M to the Affidavit of Laurie Lambrix.  Further, the evidence also indicates that contractors were instructed not to park on the road. See Exhibit L to the Affidavit of Laurie Lambrix.  After reviewing the record, the Court has not found, and the Plaintiffs have not pointed to any evidence that would suggest that, in either case, the board made a decision to allow the vehicles to park on the road

based on any animus against disabled persons.  Rather, it appears that they did not permit any vehicles to park on the road and that they attempted to enforce the parking rules by instructing construction vehicles and visitors to the annual garage sale not to park on the road.

The fact that such instructions were not adhered to by persons who are not residents of Churchville Green does not provide evidence for Plaintiffs claims that the rules were unevenly enforced for discriminatory reasons.  Perhaps the board could have more aggressively enforced the parking regulations against such non-resident violators, but the record also reveals that the regulations were not always enforced against the Plaintiffs either, as they admit that they have not yet been fined for their practice of parking in the road while removing leaves from their driveway (see Exhibit 1 to Plaintiffs Memorandum of Law in Opposition to Defendants Motion for Summary Judgement).

Therefore, I find that the Plaintiffs have not established that there is a triable issue of fact with respect to their claims that the Defendants violated the Fair Housing Act in relation to the enforcement of the parking regulations.

B.   Retaliation Claim

Plaintiffs also allege that the Defendants retaliated against them when they initially denied and then delayed approval for a variance for the Plaintiffs to install a concrete pad on their

property to allow them to better access their home.  The Individual Defendants and Realty contend that there is no evidence that they acted in their individual capacities to discriminate against the Defendants such that they may be held personally liable.  Further, the Defendants contend that the Plaintiffs have failed to establish that a retaliatory motive played a part in the decision to deny the request or any delay in accepting the request.  Plaintiffs oppose Defendants' motion contending that there are material issues of fact with respect to whether the Defendants actions were retaliatory.  This Court agrees.

First the Court notes that the record indicates that Defendants Hawkins, Hutchurson and Hill did not take part in the decisions regarding the concrete pad. <u>See</u> Dec. of Hawkins, Hill and Hutcherson (Docket Nos. 84-5, 84-6 and 84-7).  Plaintiffs do not present evidence that these Defendants played any role, either individually or in their capacity as members of the board of directors of the HOA, with respect to the decision to deny or delay the concrete pad variance request.  Accordingly, the retaliation claim against Hawkins, Hutchurson and Hill is hereby dismissed with prejudice and Hawkins, Hurchurson and Hill are terminated as defendants in this case.

The remaining Individual Defendants, however, initially voted to deny Plaintiffs variance request.  While it appears that the initial variance request was facially deficient because it did not

contain a drawing, there is evidence that Realty discussed the plans with the Plaintiffs' contractor, and had informed the Plaintiffs and the contractor that the plans would likely be approved by the board. See e.g. Exhibit S to the affidavit of Laurie Lambrix. The Plaintiffs also contend that plans were regularly conditionally approved on the recommendation of Realty. A drawing was supplied the next day, but instead of approving the variance, the board determined that an architectural engineer should review the plans and/or create a new design. Id. Realty states that it did not recommend such an action to the board and the board members are unable to explain why an architectural engineer was necessary under these circumstances. Fetterman Dec. at ¶¶8-10; Exhibit AA to the affidavit of Laurie Lambrix at 79.

It is evident from record (and the Courts' interaction with the parties on this issue) that the Defendants were aware that the Plaintiffs were urgently seeking approval, as their contractor had informed them that he needed to finish the project before the winter season began and it was too cold to pour the concrete. However, the Defendants are unable to explain their decision to engage an architectural engineer. It appears that the only time in the recent past that an architect was engaged to review a project the issue was considerably more complex - the repair of a retaining wall. See Exhibit X to the affidavit of Laurie Lambrix. The Plaintiffs' contractor stated that Realty had acknowledged that the

project was relatively simple and the Plaintiffs had already received a building permit from the Village of Churchville and funding for the project. <u>See</u> Exhibits S, AA, BB to the affidavit of Laurie Lambrix.

While not commenting on the strength of the Plaintiffs' case, the Court finds that the above mentioned facts are sufficient to create a material issue of fact as to whether the Defendants actions were in retaliation for the Plaintiffs having filed the instant lawsuit just over a week prior. Accordingly, the Defendants' Motion for Summary Judgment on this claim is denied.

<u>C.</u>   <u>Personal Liability of Realty and Individual Defendants</u>

In its first Motion for Summary Judgment, Realty argued that it could not be held liable under the Fair Housing Act because, in its role as the property manager, it was merely acting as an agent of the HOA - and, under New York agency law, it did not owe a duty to the Plaintiff. The Individual Defendants also argued that they could not be held personally liable for any actions taken in their capacity as members of the board of directors of the HOA. In denying the motions to allow Plaintiffs an opportunity to conduct further discovery, the Court noted that while the principles of agency (albeit as determined by *federal* law) apply to the issue of whether a principle is liable for the discriminatory acts of his agents under the Fair Housing Act (<u>see</u> <u>e.g.</u>, <u>Cabrera v. Jakabovitz</u>, 24 F.3d 372, 385 (2d Cir. 1994)) - federal courts have held that an

agent may still be held personally liable under the Fair Housing Act for his own discriminatory conduct - including taking actions on behalf of a principal with knowledge that the principal is acting with discriminatory intent. See e.g. Andujar v. Hewitt, 2002 WL 1792065 (S.D.N.Y.); see also Housing Opportunities Project For Excellence, Inc. v. Key Colony No. 4 Condominium Assoc., 510 F.Supp.2d 1003 (S.D. January 10, Fla. 2007).  Further, the Court noted that individuals, including individual members of a board of directors, may be held personally liable under the Fair Housing Act for their own discriminatory actions, including a vote made (or delay caused) for discriminatory or retaliatory reasons.

Realty argues that it did not make a recommendation to the board regarding the concrete pad and it did not make the decision to hire the architectural engineer.  However, it appears from the facts presented that employees of Realty were present at the board meeting when the issue was discussed and that they were aware that the project was simple and had previously advised the Plaintiffs and the contractor that it would be approved by the board.  The question then, is why did Realty not make a recommendation to the board to conditionally approve the project or advise them that an engineer was not necessary under the circumstances.  Since Realty was the property manager, and worked with the board on issues such as this on a regular basis, an inference can be made that they failed to act in this instance in retaliation for the Plaintiffs

having filed a lawsuit against them.  While this may not have been Realty's true motive, Courts are reluctant to grant summary judgment in discrimination cases where intent is at issue. See Gallo v. Prudential Residential Services, Ltd. Partnership, 22 F.3d 1219, 1224 (2d Cir. 1994).

With respect to the remaining Individual Defendants, board members Elizabeth Bieck and Tom Biondolillo testified that they did not remember who made the decision to engage an engineer to review the variance request or why that decision was made. Exhibit AA to the affidavit of Laurie Lambrix at 79.  It is not contested that all of the board members present at the meeting voted to deny the initial variance request.  While the initial request did not contain a drawing in support of the request, a drawing was sent the next day, which would have permitted the board to conditionally approve the request based on Realty's assessment that the project was relatively simple (the replacement of a single slab of sidewalk).  Without explanation, the board rejected the request and the supporting drawing and determined that an architectural engineer was necessary, when it appears from the record that such a decision was rarely made.

Based on these facts, the Court finds that there are material issues of fact with respect to whether the remaining Individual Defendants and Realty denied the variance request and decided to hire an architectural engineer, which effectively delayed approval

of the request, in retaliation for Plaintiffs having filed the instant lawsuit. Specifically, the Court finds that an inference can be drawn from these facts that the Defendants acted to purposefully delay approval of the Plaintiffs' variance request by seeking the unexplained assistance of an engineer for a project that was admittedly simple, in retaliation for the Plaintiffs' having filed the instant lawsuit. Because it is entirely unclear from the record before the Court why such actions were taken and why Realty and the board seemingly deviated from the normal course of business for such a simple project; the Court cannot find, as the Defendants request, that there are no material issues of fact with respect to their motivation for delaying approval for the project. Accordingly, the remaining Defendants' Motion for Summary Judgement on the retaliation claim is denied without prejudice to renew pending further discovery on this issue.

## CONCLUSION

For the reasons discussed above, Defendants' Motion for Summary Judgement is granted in part and denied in part, without prejudice to renew. Plaintiffs' claims for violations of the Fair Housing Act based on the denial of a reasonable accommodation for disabled guest parking and the unequal enforcement of parking regulations are dismissed with prejudice. Defendants, Gary Hutchurson, Pamela Hill and Charles Hawkins are dismissed as Defendants in this lawsuit and the Clerk of the Court is directed

to remove their names from the caption. Finally, the Court finds that there are material issues of fact with respect to Plaintiffs' claim for retaliation against the HOA, Realty and the remaining Individual Defendants and that further discovery is needed as to the motivations of the Defendants with respect to this claim. Accordingly, the Defendants' Motion for Summary Judgement on Plaintiffs' claim for retaliation is denied without prejudice to renew.

**ALL OF THE ABOVE IS SO ORDERED.**

s/ Michael A. Telesca
MICHAEL A. TELESCA
United States District Judge

Dated:     Rochester, New York
           December 2, 2011